UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

ADRIAN HUFF, as Chairman of the Board of Trustees of
TEAMSTERS LOCAL 445 FREIGHT DIVISION
PENSION FUND,

                        Plaintiff,                     Civil Action No. 07 Civ 5926
                                                                           (CLB)(MDF)

    -against-

MID-HUDSON STEEL CORP., and GRAMMER,
DEMPSEY & HUDSON, INC.,

                        Defendants.

------------------------------------------------------------------x

## ANSWER OF DEFENDANTS MID-HUDSON STEEL CORP. AND GRAMMER, DEMPSEY & HUDSON, INC. WITH AFFIRMATIVE DEFENSES

Now come Defendants Mid-Hudson Steel Corp. (hereinafter "Mid-Hudson"), and Grammer, Dempsey & Hudson, Inc. (hereinafter "GDH") (collectively the "Defendants"), by and through counsel, and file the within as their answer to the Plaintiff's Complaint:

### AS TO THE NATURE OF THE CASE

1.    Defendants deny for want of knowledge the procedural and legal allegations contained in paragraph 1 of the Complaint, and otherwise deny Plaintiff is entitled to the relief requested.

### AS TO JURISDICTION

2.    Defendants admit that jurisdiction is appropriate in this Court.

### AS TO VENUE

3.    Defendants admit that venue is appropriate in this Court.

NY1 63320v1 10/30/07

<004>

## AS TO THE PARTIES

4. Defendants deny for want of knowledge the allegations of paragraph 4 of the Complaint.

5. Defendants deny for want of knowledge any factual and/or legal conclusions contained in paragraph 5 of the Complaint.

6. Defendants deny for want of knowledge any factual and/or legal conclusions contained in paragraph 6 of the Complaint.

7. Defendants deny for want of knowledge any factual and/or legal conclusions contained in paragraph 7 of the Complaint.

8. Defendants deny for want of knowledge any factual and/or legal conclusions contained in paragraph 8 of the Complaint.

9. Defendants deny for want of knowledge any factual and/or legal conclusions contained in paragraph 9 of the Complaint.

10. Defendants admit the allegations of paragraph 10 of the Complaint.

11. Defendants admit the allegations of paragraph 11 of the Complaint to the extent that at one time, Mid-Hudson was a company doing business at the stated location, but has since ceased operation.

12. Defendants admit the allegations of paragraph 12 of the Complaint to the extent that at one time, James F. Hudson was the president of Mid-Hudson, but the Company has ceased operation.

13. Defendants admit the allegations of paragraph 13 to the extent that GDH can be contacted at the addresses identified, but denies a parent-subsidiary relationship between Mid-Hudson and GDH, and specifically states that Mid-Hudson has ceased operation.

14. Defendants admit the allegations of paragraph 14 of the Complaint.

15. Defendants admit the allegations of paragraph 15 of the Complaint.

16. Defendants admit the allegations of paragraph 16 of the Complaint.

17. Defendants deny the allegations of paragraph 17 of the Complaint.

18. Defendants admit the allegations of paragraph 18 of the Complaint.

## AS TO THE STATEMENT OF FACTS

19. Defendants admit the allegations of paragraph 19 of the Complaint.

20. Defendants deny for want of knowledge the legal conclusions asserted in paragraph 20 of the Complaint.

21. Defendants admit the allegations of paragraph 21 of the Complaint to the extent a letter was received, but otherwise states that the document speaks for itself and deny any characterizations of the contents of that letter.

22. Defendants admit the allegations of paragraph 22 of the Complaint to the extent a letter was sent, but otherwise states that the document speaks for itself and deny any characterizations of the contents of that letter.

23. Defendants admit the allegations of paragraph 23 of the Complaint to the extent a response was received, but otherwise states that the documents speak for themselves and deny any characterizations of the contents of the documents.

24. Defendants admit the allegations of paragraph 24 of the Complaint to the extent a response was received, but otherwise states that the documents speak for themselves and deny any characterizations of the contents of the documents.

25. Defendants admit that a withdrawal liability payment was made, but otherwise deny the characterizations of any facts as alleged in paragraph 25 of the Complaint.

NY1 63320v1 10/30/07

26. Defendants admit the allegations of paragraph 26 of the Complaint.

27. Defendants admit the allegations of paragraph 27 of the Complaint to the extent a letter was sent, but otherwise states that the document speaks for itself and deny any characterizations of the contents of that letter.

28. Defendants admit the allegations of paragraph 28 of the Complaint to the extent a response was received, but otherwise states that the documents speak for themselves and deny any characterizations of the contents of the documents.

29. Defendants admit the allegations of paragraph 29 of the Complaint.

30. Defendants admit the allegations of paragraph 30 of the Complaint.

31. Defendants admit the allegations of paragraph 31 of the Complaint to the extent a letter was sent, but otherwise states that the document speaks for itself and deny any characterizations of the contents of that letter.

32. Defendants admit the allegations of paragraph 32 of the Complaint to the extent no payments were made.

33. Defendants admit the allegations of paragraph 33 of the Complaint.

34. Defendants admit the allegations of paragraph 34 of the Complaint to the extent a letter was sent, but otherwise states that the document speaks for itself and deny any characterizations of the contents of that letter.

35. Defendants admit the allegations of paragraph 35 of the Complaint.

36. Defendants admit the allegations of paragraph 36 of the Complaint.

37. Defendants admit the allegations of paragraph 37 of the Complaint to the extent a telephone call took place. Defendants deny the characterizations of the contents of that call or the relevance of the allegation to this instant action.

38. Defendants admit the allegations of paragraph 38 of the Complaint to the extent a summons was issued and was accepted, but otherwise deny any facts and characterizations contained in paragraph 38 of the Complaint.

39. Defendants admit the allegations of paragraph 39 of the Complaint to the extent a telephone call took place. Defendants deny the characterizations of the contents of that call or the relevance of the allegation to the instant action.

40. Defendants admit the allegations of paragraph 40 of the Complaint to the extent a telephone call took place. Defendants deny the characterizations of the contents of that call or the relevance of the allegation to the instant action.

41. Defendants admit the allegations of paragraph 41 of the Complaint.

42. Defendants admit the allegations of paragraph 37 of the Complaint to the extent a telephone call took place. Defendants deny the characterizations of the contents of that call or the relevance of the allegation to the instant action.

## AS TO THE CLAIM FOR RELIEF

43. In response to paragraph 43 of the Complaint, Defendants aver or deny the allegations as more fully set forth above.

44. Defendants admit the allegations of paragraph 44 of the Complaint to the extent payments have not been made, but otherwise deny any legal characterizations contained in paragraph 44 of the Complaint.

45. Defendants admit the allegations of paragraph 45 of the Complaint to the extent a notice was sent, but otherwise deny any legal characterizations contained in paragraph 45 of the Complaint.

46. Defendants admit the allegations of paragraph 46 of the Complaint to the extent no additional payment has been sent, but otherwise deny any legal characterization contained in paragraph 46 of the Complaint.

47. Defendants deny the allegations of paragraph 47 of the Complaint to the extent GDH is not the parent of Mid-Hudson and specifically deny any legal conclusions contained in this paragraph.

48. Defendants deny the liability asserted in paragraph 48 of the Complaint.

49. Defendants deny the allegations of paragraph 49 of the Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint against fails to state a claim upon which relief can be granted.

2. Some or all of Plaintiff's claims are barred by the Doctrine of Accord and Satisfaction.

3. Some or all of Plaintiff's claims are barred by the Doctrine of Estoppel.

4. Some or all of Plaintiff's claims are barred by the application of ERISA Section 4225.

5. Defendants specifically reserve the right to amend and supplement these affirmative defenses as they become discovered through the course of this litigation.

WHEREFORE, having fully responded to Plaintiff's Complaint, Defendants pray that this Court deny Plaintiff the relief requested.

                              Respectfully submitted,

                              FOX ROTHSCHILD LLP
*Attorneys for Defendants*
*Grammer, Dempsey & Hudson and*
*Mid-Hudson Steel*

Dated: November 6, 2007        By: _____
                                                  Keith R. McMurdy
                                                  100 Park Avenue, Suite 1500
                                                  New York, New York 10017
                                                  (212) 878-7900
                                                  (212) 692-0940 (Fax)
                                                  e-mail: kmcmurdy@foxrothschild.com

                                                  For the Firm

## CERTIFICATE OF SERVICE

A true and accurate copy of the foregoing Answer with Affirmative Defenses was served upon the following by regular U.S. Mail, postage prepaid, and by utilization of the electronic filing system of the Clerk of Courts of the United District Court for the Southern District of New York:

William D. Frumkin, Esq.
Sapir & Frumkin LLP
399 Knollwood Road, Suite 310
White Plans, New York 10603

I do so certify.

_____
Keith R. McMurdy

Dated: November 6, 2007