UNITED STATES DISTRICT COURT                                    ECF Case
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ADRIAN HUFF, as Chairman of the Board of Trustees of
TEAMSTERS LOCAL 445 FREIGHT DIVISION
PENSION FUND,

                                      Plaintiff,            Civil Action No. 07 Civ. 5926
                                                    (CLB)(MDF)

                - against -

MID-HUDSON STEEL CORP., GRAMMAR, DEMPSEY
& HUDSON, INC., BRIDGEPORT STEEL CO., BUELL
SPECIALTY STEEL CO., PABRICO STEEL
FABRICATORS INC., ELKHART SCRAP METALS
CORP., ELKHART SCRAP LIGHT HAULING, ZINC
CONSTRUCTION CORP., and AIROTRAX, INC.,

                                  Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**SECOND AMENDED
COMPLAINT**

      **PLAINTIFF, ADRIAN HUFF** (Plaintiff), as Chairman of the Board of Trustees of

**TEAMSTERS LOCAL 445 FREIGHT DIVISION PENSION FUND** (Fund), by his attorneys,

**SAPIR & FRUMKIN LLP**, as and for his Second Amended Complaint, alleges as follows:

<u>**NATURE OF THE CASE**</u>

      1.    This action arises under the Employee Retirement Income Security Act of 1974

(ERISA), as amended by the Multiemployer Pension Plan Amendments Act of 1980 (MPPAA), 29

U.S.C. §§ 1001-1461 (1982).  Plaintiff seeks a judgment for immediate full payment of the

withdrawal liability as a result of the withdrawal by the defendants, Mid-Hudson Steel Corp. (Mid-

Hudson), Grammar, Dempsey & Hudson, Inc. (GDH), Bridgeport Steel Co. (Bridgeport), Buell

Specialty Steel Co. (Buell), Pabrico Steel Fabricators Inc. (Pabrico), Elkhart Scrap Metals Corp.

(Elkhart Metals),  Elkhart Scrap Light Hauling (Elkhart Hauling), Zinc Construction Corp. (Zinc),

and Airotrax, Inc. (Airotrax) (collectively referred to as Defendants), from the Fund.

## JURISDICTION

2.      This Court has subject matter jurisdiction of the claims brought by the Fund pursuant

to §§ 4301(c) and 502(e)(1) and (f) of ERISA, 29 U.S.C. §§ 1451(c) and 1132(e)(1) and (f).

## VENUE

3.      The Southern District of New York is the proper venue for the Fund's claims

pursuant to §§ 4301(d) and 502(e)(2), 29 U.S.C. §§ 1451(d) and 1132(e)(2).  Where an action is

brought under §§ 4301 and 502 of ERISA, 29 U.S.C. §§ 1451 and 1132,  in a district court of the

United States, it may be brought, at Plaintiff's discretion, in the district where the plan is

administered, where the defendant resides, does business, or may be found, or where the breach took

place, and process may be served in any district where a defendant resides, does business, or may

be found.  The Fund, on whose behalf Plaintiff brings this action, is administered in this district from

its principal place of business in Newburgh, New York.  Thus, venue is properly grounded with this

Court.

## THE PARTIES

4.      The Fund is an "employee pension benefit plan" and a "multi-employer plan" within

the meaning of §§ 3(2)(A) and (37)(A) of ERISA, 29 U.S.C. §§ 1002(2)(A) and (37)(A), and is a

jointly administered labor-management trust fund established under § 302 of the Labor Management

Relations Act (LMRA), 29 U.S.C. § 186.

5.      The Fund is a multi-employer employee benefit fund which has standing to sue

pursuant to ERISA, 29 U.S.C. § 1132(d)(1).

6.      The Fund is a third-party beneficiary under a collective bargaining agreement (CBA)

pursuant to § 301 of the LMRA, 29 U.S.C. § 185.

7.      The Fund has been established by its Declaration of Trust (Trust Agreement) and

pursuant to a CBA, entered into between Local Union No. 445, International Brotherhood of Teamsters of annexed AFL-CIO (Local 445 or the Union) and certain employers and employer associations whose employees are or were covered by one or more CBAs.

8.    Plaintiff Adrian Huff is Chairman of the Fund.  Plaintiff is a "fiduciary" with respect to the Fund as defined in § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).  Plaintiff is empowered to bring this action on behalf of the Fund pursuant to §§ 4301(a)(1) and (b) and 502(a)(3) of ERISA, 29 U.S.C. §§ 1451(a)(1) and (b) and 1132(a)(3).

9.    The Fund is maintained and administered at its offices in Newburgh, Orange County, New York, in accordance with and pursuant to ERISA, 29 U.S.C. §§ 1001, *et seq.*, the Trust Agreement, which established the Fund, and also pursuant to the terms and provisions of the CBA.

10.    Upon information and belief, and at all times material hereto, Defendant Mid-Hudson was and is an "employer" within the meaning of § 501(3) of the LMRA, 29 U.S.C. § 142(3), and § 2(2) of the National Labor Relations Act, as amended, 29 U.S.C. § 152(2), and §3(5) of ERISA, 29 U.S.C. § 1002(5), and is engaged in commerce, in an industry affecting commerce, within the meanings of §§ 3(11) and (12) of ERISA, 29 U.S.C. §§ 1002(11) and (12).

11.    Upon information and belief, and at all times material hereto, Defendant Mid-Hudson was and is a for-profit corporation having its principal place of business at 10-32 Shaw Road, Middletown, New York, 10941, and is authorized to do business in New York.

12.    Upon information and belief, and at all times material hereto, James F. Hudson is the President of Defendant Mid-Hudson.

13.    Upon information and belief, Defendant Mid-Hudson received and continues to receive correspondence at and through its parent corporation, Defendant GDH, at Grammer,

Dempsey & Hudson, Inc., P.O. Box 1059, Newark New Jersey, 07101-1059 and Grammer, Dempsey & Hudson, Inc., 212 Rome Street, Newark, New Jersey 07105.

14.    Upon information and belief, and at all times material hereto, Defendant Mid-Hudson employed employees who were represented for the purposes of collective bargaining by the Union, a labor organization representing employees in an industry affecting interstate commerce.

15.    Defendant Mid-Hudson was a party to a CBA with the Union, was a participating employer in the Fund under the terms of the CBA, and was obligated to and did make contributions to the Fund on behalf of its employees covered under the CBA.

16.    Upon information and belief, and at all times material hereto, Defendant GDH was and is a for-profit corporation having its principal place of business at 212 Rome Street, Newark, New Jersey 07105.

17.    Upon information and belief, and at all times material hereto, Defendant GDH is the parent corporation of Defendant Mid-Hudson.

18.    Upon information and belief, and at all times material hereto, James F. Hudson is President of Defendant GDH.

19.    Upon information and belief, and at all times material hereto, J. Morgan Hudson is the Executive Vice President of Defendant GDH.

20.    Upon information and belief, and at all times material hereto, defendant Bridgeport was and is a for-profit corporation having its principal place of business at 1034 Bridgeport Avenue, Milford, Connecticut 06460-3150.

21.    Upon information and belief, and at all times material hereto, James F. Hudson is the President of Bridgeport.

22.    Upon information and belief, and at all times material hereto, Defendant GDH is the

4

parent company of Bridgeport.

23.     Upon information and belief, and at all times material hereto, Buell was and is a for-profit corporation having its principal place of business at 107 Dodge Street, Rochester, New York 14606.

24.     Upon information and belief, and at all times material hereto, J. Morgan Hudson is the President of Buell.

25.     Upon information and belief, and at all times material hereto, Defendant GDH is the parent company of Buell.

26.     Upon information and belief, and at all times material hereto, Defendant Pabrico was and is a for-profit corporation having its principal place of business at 518 E. 36th Street, Paterson, New Jersey 07504-1723.

27.     Upon information and belief, and at all times material hereto, Defendant GDH is the parent corporation of Defendant Pabrico.

28.     Upon information and belief, and at all times material hereto, James F. Hudson is President of Defendant Pabrico.

29.     Upon information and belief, and at all times material hereto, Defendant Elkhart Metals was and is a for-profit corporation having its principal place of business at 572 Tonnelle Avenue, Jersey City, New Jersey 07307.

30.     Upon information and belief, and at all times material hereto, James Hudson is the incorporator, registered agent, and officer/director/member for Defendant Elkhart Metals.

31.     Upon information and belief, and at all times material hereto, Defendant Elkhart Hauling was and is a for-profit corporation having its principal place of business at 833 Pavonia

Avenue, Apartment 2, Jersey City, New Jersey 07306.

32.    Upon information and belief, and at all times material hereto, James Hudson is the owner of Defendant Elkhart Hauling.

33.    Upon information and belief, and at all times material hereto, defendant Zinc was and is a for-profit corporation having its principal place of business at 212 Rome Street, Newark, New Jersey 07105-3920.

34.    Upon information and belief, and at all times material hereto, Defendants GDH and Zinc share the  same mailing address.

35.    Upon information and belief, and at all times material hereto, Defendant Airotrax was and is a for-profit corporation having its principal place of business at 1710 E. Division Street, Evansville, Indiana 47711.

36.    Upon information and belief, and at all times material hereto, James F. Hudson is a Director for Defendant Airotrax.

37.    Upon information and belief, and at all times material hereto, James F. Hudson holds an ownership interest in Defendant Airotrax.

38.    Upon information and belief, and at all times material hereto, Defendants are businesses and trades that are under common control.

## STATEMENT OF FACTS

39.    In or about August 2004, Defendant Mid-Hudson permanently ceased to have an obligation to contribute to the Fund and effected a complete withdrawal from the Fund within the meaning of § 4203(a) of ERISA, 29 U.S.C. § 1383(a).

40.    By reasons of the premises aforesaid and § 4201 of ERISA, 29 U.S.C. § 1381, the

Defendant Mid-Hudson is indebted to the Fund for the "withdrawal liability" as determined by methods set forth in § 4211 of ERISA, 29 U.S.C. 1391.

41.    On or about December 21, 2004, pursuant to §§ 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1), the Fund sent a "Demand for Payment of Withdrawal Liability" to Defendant Mid-Hudson advising that the Fund had determined that the Defendant Mid-Hudson had effected a complete withdrawal from the Fund in or around August 2004 and requesting Defendant Mid-Hudson to pay a withdrawal liability of $300,296.56.  The letter also notified Defendant Mid-Hudson that, in accordance with §§ 4219(c)(1)(E)(2) and (3) of the MPPAA, Defendant Mid-Hudson's withdrawal liability was payable to the Fund in 160 equal monthly installments, each in the amount of $2,817.70, followed by a final payment on May 31, 2018 in the amount of $1,366.98, and that the first payment was due by January 31, 2005.

42.    On or about January 3, 2007, Defendant Mid-Hudson requested from the Fund the following:

A.    Copies of all documentation used to calculate withdrawal liability;

B.    All Fund annual filings for 2002, 2003, and 2004, including 5500s;

C.    Any annual financial or actuarial reports prepared for years 2002, 2003, and 2004;

D.    A complete written explanation of the withdrawal figure asserted and how it was reached; and

E.    A complete history of all contributions made to the Fund by Defendant Mid-Hudson.

43.    On or about February 1, 2005, the Fund responded to Defendant Mid-Hudson's

request by supplying:

        A.    Copies of the Local 445 Pension Fund Rules and Regulations (Plan Document), with Plan amendments and the Local 445 Pension Fund Summary Plan Description;

        B.    Copies of the Local 445 Pension Fund Form 5500's for years 2002 and 2003 (the Form 5500 for year 2004 had not been filed);

        C.    Copies of the Local 445 Pension Fund Actuarial valuation Reports for years 2002 and 2003 (the Actuarial Valuation Report for year 2004 had not yet been prepared); and

        D.    A copy of a spreadsheet setting forth the history of Defendant Mid-Hudson's contributions to Local 445 Pension Fund for the period from 1994 through 2004.

    44.    On or about February 3, 2005, the Fund supplied Defendant Mid-Hudson with the following:

        A.    An actuarial worksheet which set forth the relevant variables, basic actuarial assumptions, basic asset information, and calculations used by Local 445 Pension Fund in assessing withdrawal liability against Defendant Mid-Hudson; and

        B.    A copy of the redacted minutes of the Joint Meeting of the Trustees of Local 445 Welfare and Pension Funds, held on October 2, 2001, during which the Trustees approved and adopted a 2001 Amendment to the Local 445 Pension Plan Rules and Regulations (Plan Document) regarding an increase in retiree benefits.

    45.    On or about February 10, 2005, after receiving the aforementioned information from the Fund, Defendant Mid-Hudson indicted that it would make its first withdrawal liability installment payment.

    46.    On or about February 14, 2005, Defendant Mid-Hudson made its first withdrawal

liability installment payment.

47.     On or about June 21, 2005, Defendant Mid-Hudson requested the following information from the Fund regarding the calculation of withdrawal liability:

A.     A copy of the 2002 Actuarial valuation Report;

B.     The rules for determination of asset values;

C.     Reasons why the Fund assumed an interest rate of 7 ½ percent; and

D.     A breakdown of how the payment amount was calculated.

48.     On or about August 4, 2005, the Fund responded to Defendant Mid-Hudson's June 21, 2005 request for information.

49.     Defendant Mid-Hudson continued to make monthly withdrawal liability payments up through its December 31, 2006 payment.

50.     Defendant Mid-Hudson failed to remit payment in full of its total withdrawal liability remaining due, or remit its twenty-fifth and twenty-sixth monthly installment payments, in the amounts of $2,817.70 each, due January 31, 2007 and February 28, 2007, for a total amount of $5,635.40.

51.     On or about March 8, 2007, the Fund notified Defendant Mid-Hudson, through Keith R. McMurdy, Esq., currently of Fox Rothschild, LLP (FR), of its overdue withdrawal liability payments, and that it would be in statutory default if it failed to remit payment in full of its total withdrawal liability remaining due, or remit its twenty-fifth and twenty-sixth monthly installment payments in the amounts of $2,817.70 each, for a total amount of $5,635.40, within sixty days after receiving the late-payment notice letter.  In addition, the Fund notified Defendant Mid-Hudson that its failure to pay its withdrawal liability remaining due as prescribed herein would entitle the Fund

to demand from Defendant Mid-Hudson immediate payment of the outstanding amount of the withdrawal liability, plus accrued interest on the total outstanding liability from the due date of the first payment which is untimely paid.

52.     Despite the Fund's notice to Defendant Mid-Hudson of its overdue withdrawal liability payments, Defendant Mid-Hudson failed to remit the overdue payments.

53.     Defendant Mid-Hudson failed to remit payment in full of its total withdrawal liability remaining due or remit its twenty-seventh monthly installment payment in the amount of $2,817.70 due March 31, 2007.

54.     On or about April 26, 2007, the Fund notified Defendant Mid-Hudson, through Mr. McMurdy, of its overdue withdrawal liability payment, and that it would be in statutory default if it failed to remit payment in full of its total withdrawal liability remaining due, or remit its twenty-seventh monthly installment payment in the amount of $2,817.70 within sixty days after receiving the late-payment notice letter. In addition, the Fund notified Defendant Mid-Hudson that its failure to pay its withdrawal liability remaining due as prescribed herein would entitle the Fund to demand from Defendant Mid-Hudson immediate payment of the outstanding amount of the withdrawal liability, plus accrued interest on the total outstanding liability from the due date of the first payment which is untimely paid.

55.     Despite the Fund's notice to Defendant Mid-Hudson of its overdue withdrawal liability payments, Defendant Mid-Hudson failed to remit the overdue payments.

56.     On June 21, 2007, Plaintiff filed the Summons and Complaint in the above referenced matter.

57.     On July 2, 2007, Plaintiff's counsel spoke with Mr. McMurdy regarding FR's

representation of Defendant Mid-Hudson.  Mr. McMurdy stated that FR no longer represented Defendant Mid-Hudson.  Mr. McMurdy further advised that Plaintiff should serve the Summons and Complaint on Defendant Mid-Hudson.

58.     On July 5, 2007, the Summons and Complaint in the above referenced matter were served in accordance with Fed. R. Civ. P. Rule 5(b)(2)(A)(ii) by serving them on Jack Jacquin, Office Manager for Defendant Mid-Hudson, who indicated that he was an agent authorized by Defendant Mid-Hudson to receive service for Defendant Mid-Hudson.  Defendant had until July 25, 2007 to file its Answer in the above referenced matter but failed to do so.

59.     On August 14, 2007, Plaintiff's counsel received a telephone call from Donia F. Sawwan, Esq., of FR who indicated that FR represented Defendant Mid-Hudson.  Ms. Sawwan requested an extension of thirty days to September 17, 2007, in which to file Defendant Mid-Hudson's Answer and otherwise respond to the Complaint.  That day, Plaintiff's counsel received a confirming letter by facsimile from Ms. Sawwan detailing the same.

60.     On August 21, 2007, Plaintiff's counsel received a telephone call from Mr. McMurdy, Esq. who indicated that FR did not represent Defendant Mid-Hudson.  Mr. McMurdy stated that FR represented Defendant GDH and could not file the Answer or otherwise appear for Defendant Mid-Hudson.  Mr. McMurdy stated that Defendant Mid-Hudson is out of business and Defendant GDH is out of business and contemplating filing for bankruptcy.

61.     On September 10, 2007, Plaintiff's counsel notified Mr. McMurdy of a Court Conference scheduled for Friday, September 21, 2007, in the above referenced matter.

62.     On September 11, 2007, Plaintiff's counsel received a telephone call from Mr. McMurdy who stated that, because FR did not represent Defendant Mid-Hudson, FR could not

appear at the Court Conference for Defendant Mid-Hudson. Mr. McMurdy stated that FR would receive service and file an Answer for Defendant GDH if the Complaint were amended to add Defendant GDH as an additional defendant.

63.    On or about October 15, 2007, Plaintiff filed its Amended Complaint in the above referenced matter. The Amended Complaint added Defendant GDH to the caption.

64.    On or about November 6, 2007, Defendants Mid-Hudson and GDH filed their Answer.

65.    On or about January 28, 2008, in Defendants Response to Plaintiff's First Set of Interrogatories and Request for Production of Documents Pursuant to Fed. R. Civ. P. Rules 33 and 34, Defendants Mid-Hudson and GDH stated that Defendants Bridgeport and Buell were subsidiaries of Defendant Mid-Hudson and/or Defendant GDH.

66.    On or about February 7, 2007, Plaintiff requested, *inter alia*, leave to amend the complaint and add additional defendants in the above referenced matter.

67.    On or about February 29, 2008, Plaintiff's request for leave to amend the complaint was granted.

## **AS AND FOR A CLAIM FOR RELIEF**

68.    The Fund realleges each and every allegation contained in paragraphs "1" through "67" of this First Amended Complaint, as if fully set forth herein.

69.    Defendant Mid-Hudson is in default under § 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5). Section 4219(c)(5) provides that a default of payment of withdrawal liability occurs upon an employer's failure to make any payment when due and not cured by the employer within sixty (60) days after the employer receives written notification from the plan sponsor of such failure.

70. On March 8, 2007, the Fund forwarded the requisite Notice of Default to the Defendant Mid-Hudson advising that unless its delinquency was cured within sixty (60) days, the entire amount of withdrawal liability would be accelerated and due and payable pursuant to § 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

71. On or about January 29, 2008, the Fund served an acceleration of payment notice to Mid-Hudson for its overdue withdrawal liability payments.

72. To date, no curing payment has been received from the Defendant Mid-Hudson, and the sixty day period for cure has elapsed.

73. As the parent corporation of Defendant Mid-Hudson, Defendant GDH is treated as the original employer and is responsible for payment of the outstanding withdrawal liability.

74. As a subsidiary and under common control of Defendant GDH, Defendant Buell is responsible for payment of the outstanding withdrawal liability.

75. As a subsidiary and under common control of Defendant GDH, Defendant Bridgeport is responsible for payment of the outstanding withdrawal liability.

76. As a subsidiary and under common control of Defendant GDH, Defendant Pabrico is responsible for payment of the outstanding withdrawal liability.

77. As a business under common control of James Hudson, Defendant Elkhart Metals is responsible for payment of the outstanding withdrawal liability.

78. As a business under common control of James Hudson, Defendant Elkhart Hauling is responsible for payment of the outstanding withdrawal liability.

79. As a business under common control of James F. Hudson, Defendant Airotrax is responsible for payment of the outstanding withdrawal liability.

80.     As a business under common control of Defendant GDH, Defendant Zinc is responsible for payment of the outstanding withdrawal liability.

81.     Since the sixty day period elapsed prior to the date of this Second Amended Complaint, Defendant Mid-Hudson failed to cure the default, and Plaintiff served a notice of acceleration of payment to Defendant Mid-Hudson, Plaintiff seeks Judgment from Defendants for the entire amount of outstanding withdrawal liability due under its demand, plus accrued interest, pursuant to § 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

82.     A copy of this Second Amended Complaint will be served upon Defendants by certified mail as required by § 4301(g) of ERISA, 29 U.S.C. § 1451(g).

**WHEREFORE**, Plaintiff requests the following relief:

A.     Entry of judgment requiring Defendants to make immediate payment of the entire amount of the assessed withdrawal liability to Plaintiff, pursuant to § 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), less any monthly payments received from Defendants;

B.     Entry of judgment requiring Defendants to pay to Plaintiff interest on the delinquent monthly withdrawal liability payments not paid when due at rates prescribed under § 6621 of the Internal Revenue Code of 1986, as amended, 26 U.S.C. § 6621 and/or the rates pursuant to §§ 4219(c)(5) and (6), 29 U.S.C. §§ 1399(c)(5) and (6);

C.     Entry of judgment requiring Defendants to pay to Plaintiff liquidated damages, pursuant to §§ 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), equal to the greater of:

i.     The accrued interest on the delinquent monthly withdrawal liability payments not paid when due at the time of judgment, or

14

      ii.     An amount equal to twenty percent of the amount of delinquent monthly withdrawal liability payments not paid when due at the time of judgment;

      D.     Entry of judgment requiring Defendants to pay the Plaintiff's reasonable attorneys' fees and costs of this action as permitted by §§ 502(g) and 4301(e) of ERISA, 29 U.S.C. §§ 1132(g) and 1451(e); and

      E.     Such other relief as this Court deems proper.


Dated: White Plains, New York             Respectfully submitted,
       April 1, 2008                 **SAPIR & FRUMKIN LLP**


                     By:    /s/ William F. Cusack III
                            William D. Frumkin (WF 2173)
                            William F. Cusack III (WC2497)
                            Attorneys for Plaintiff
                            399 Knollwood Road, Suite 310
                            White Plains, New York 10603
                            (914) 328-0366
                            wfrumkin@sapirfrumkin.com
                            wcusack@sapirfrumkin.com


F:\APPLICAT\WP\TEAMSTER\Mid Hudson Steel Corp\Litigation\Second Amended Complaint\Second Amended Complaint.ECF.wpd/dp