Exhibit 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

ADRIAN HUFF, as Chairman of the Board of Trustees of
TEAMSTERS LOCAL 445 FREIGHT DIVISION
PENSION FUND,

                Plaintiff,                Civil Action No. 07 Civ 5926
                                                          (CLB)(MDF)

    -against-

MID-HUDSON STEEL CORP., GRAMMER, DEMPSEY &
HUDSON, INC., BRIDGEPORT STEEL CO., BUELL
SPECIALTY STEEL CO., PABRICO STEEL
FABRICATORS, INC., ELKHART SCRAP METALS CORP.,
ELHART SCRAP LIGHT HAULING, ZINC
CONSTRUCTION CORP., and AIROTRAX, INC.,

                Defendants.

----------------------------------------------------------------x

## ANSWER OF DEFENDANTS MID-HUDSON STEEL CORP., GRAMMER, DEMPSEY & HUDSON, INC., BRIDGEPORT STEEL CO., BUELL SPECIALTY STEEL CO., AND PABRICO STEEL FABRICATORS, INC., WITH AFFIRMATIVE DEFENSES

Now come Defendants Mid-Hudson Steel Corp. (hereinafter "Mid-Hudson"), Grammer, Dempsey & Hudson, Inc. (hereinafter "GDH"), Bridgeport Steel Co., ("Bridgeport"), Buell Specialty Steel Co. ("Buell"), and Parbico Steel Fabricators, Inc. ("Pabrico") (collectively the "Answering Defendants"), by and through counsel, and file the within as their collective answer to the Plaintiff's Complaint:

### AS TO THE NATURE OF THE CASE

1.     Answering Defendants deny for want of knowledge the procedural and legal allegations contained in paragraph 1 of the Complaint, and otherwise deny Plaintiff is entitled to the relief requested.

## AS TO JURISDICTION

2. Answering Defendants admit that jurisdiction is appropriate in this Court.

## AS TO VENUE

3. Answering Defendants admit that venue is appropriate in this Court.

## AS TO THE PARTIES

4. Answering Defendants deny for want of knowledge the allegations of paragraph 4 of the Complaint.

5. Answering Defendants deny for want of knowledge any factual and/or legal conclusions contained in paragraph 5 of the Complaint.

6. Answering Defendants deny for want of knowledge any factual and/or legal conclusions contained in paragraph 6 of the Complaint.

7. Answering Defendants deny for want of knowledge any factual and/or legal conclusions contained in paragraph 7 of the Complaint.

8. Answering Defendants deny for want of knowledge any factual and/or legal conclusions contained in paragraph 8 of the Complaint.

9. Answering Defendants deny for want of knowledge any factual and/or legal conclusions contained in paragraph 9 of the Complaint.

10. Answering Defendants admit the allegations of paragraph 10 of the Complaint.

11. Answering Defendants admit the allegations of paragraph 11 of the Complaint to the extent that at one time, Mid-Hudson was a company doing business at the stated location, but has since ceased operation.

12. Answering Defendants admit the allegations of paragraph 12 of the Complaint to the extent that at one time, James F. Hudson was the president of Mid-Hudson, but the Company has ceased operation.

13. Answering Defendants admit the allegations of paragraph 13 to the extent that GDH can be contacted at the addresses identified and specifically states that Mid-Hudson has ceased operation.

14. Answering Defendants admit the allegations of paragraph 14 of the Complaint.

15. Answering Defendants admit the allegations of paragraph 15 of the Complaint.

16. Answering Defendants admit the allegations of paragraph 16 of the Complaint.

17. Answering Defendants admit the allegations of paragraph 17 of the Complaint.

18. Answering Defendants admit the allegations of paragraph 18 of the Complaint.

19. Answering Defendants admit the allegations of paragraph 19 of the Complaint.

20. Answering Defendants admit the allegations of paragraph 20 of the Complaint but state that Bridgeport has ceased all business operation.

21. Answering Defendants admit the allegations of paragraph 21 of the Complaint.

22. Answering Defendants admit the allegations of paragraph 22 of the Complaint and state that Bridgeport has ceased operation.

23. Answering Defendants admit the allegations of paragraph 23 of the Complaint.

24. Answering Defendants admit the allegations of paragraph 24 of the Complaint.

25. Answering Defendants admit the allegations of paragraph 25 of the Complaint.

26. Answering Defendants admit the allegations of paragraph 26 of the Complaint.

27. Answering Defendants admit the allegations of paragraph 27 of the Complaint.

28. Answering Defendants admit the allegations of paragraph 28 of the Complaint.

3

NY1 115710v1 04/23/08

29. Answering Defendant deny for want of knowledge the allegations of paragraph 29 of the Complaint.

30. Answering Defendant deny for want of knowledge the allegations of paragraph 30 of the Complaint.

31. Answering Defendant deny for want of knowledge the allegations of paragraph 31 of the Complaint.

32. Answering Defendant deny for want of knowledge the allegations of paragraph 32 of the Complaint.

33. Answering Defendant deny for want of knowledge the allegations of paragraph 33 of the Complaint.

34. Answering Defendant deny for want of knowledge the allegations of paragraph 34 of the Complaint.

35. Answering Defendants admit the allegations of paragraph 35 of the Complaint.

36. Answering Defendants admit the allegations of paragraph 36 of the Complaint.

37. Answering Defendants admit the allegations of paragraph 37 of the Complaint.

38. Answering Defendants deny the allegations of paragraph 38 of the Complaint specific to any entity not defined herein as an Answering Defendant.

## AS TO THE STATEMENT OF FACTS

39. Answering Defendants admit the allegations of paragraph 39 of the Complaint.

40. Answering Defendants deny for want of knowledge the legal conclusions asserted in paragraph 40 of the Complaint.

41. Answering Defendants admit the allegations of paragraph 41 of the Complaint to the extent a letter was received, but otherwise states that the document speaks for itself and deny any characterizations of the contents of that letter.

42. Answering Defendants admit the allegations of paragraph 42 of the Complaint to the extent a letter was sent, but otherwise states that the document speaks for itself and deny any characterizations of the contents of that letter.

43. Answering Defendants admit the allegations of paragraph 43 of the Complaint to the extent a response was received, but otherwise states that the documents speak for themselves and deny any characterizations of the contents of the documents.

44. Answering Defendants admit the allegations of paragraph 44 of the Complaint to the extent a response was received, but otherwise states that the documents speak for themselves and deny any characterizations of the contents of the documents.

45. Answering Defendants admit that a withdrawal liability payment was made, but otherwise deny the characterizations of any facts as alleged in paragraph 45 of the Complaint.

46. Answering Defendants admit the allegations of paragraph 46 of the Complaint.

47. Answering Defendants admit the allegations of paragraph 47 of the Complaint to the extent a letter was sent, but otherwise states that the document speaks for itself and deny any characterizations of the contents of that letter.

48. Answering Defendants admit the allegations of paragraph 48 of the Complaint to the extent a response was received, but otherwise states that the documents speak for themselves and deny any characterizations of the contents of the documents.

49. Answering Defendants admit the allegations of paragraph 49 of the Complaint.

50. Answering Defendants admit the allegations of paragraph 50 of the Complaint.

51.     Answering Defendants admit the allegations of paragraph 51 of the Complaint to the extent a letter was sent, but otherwise states that the document speaks for itself and deny any characterizations of the contents of that letter.

52.     Answering Defendants admit the allegations of paragraph 52 of the Complaint to the extent no payments were made.

53.     Answering Defendants admit the allegations of paragraph 53 of the Complaint.

54.     Answering Defendants admit the allegations of paragraph 54 of the Complaint to the extent a letter was sent, but otherwise states that the document speaks for itself and deny any characterizations of the contents of that letter.

55.     Answering Defendants admit the allegations of paragraph 55 of the Complaint.

56.     Answering Defendants admit the allegations of paragraph 56 of the Complaint.

57.     Answering Defendants admit the allegations of paragraph 57 of the Complaint to the extent a telephone call took place. Defendants deny the characterizations of the contents of that call or the relevance of the allegation to this instant action.

58.     Answering Defendants admit the allegations of paragraph 58 of the Complaint to the extent a summons was issued and was accepted, but otherwise deny any facts and characterizations contained in paragraph 58 of the Complaint.

59.     Answering Defendants admit the allegations of paragraph 59 of the Complaint to the extent a telephone call took place. Answering Defendants deny the characterizations of the contents of that call or the relevance of the allegation to the instant action.

60.     Answering Defendants admit the allegations of paragraph 60 of the Complaint to the extent a telephone call took place. Answering Defendants deny the characterizations of the contents of that call or the relevance of the allegation to the instant action.

61. Answering Defendants admit the allegations of paragraph 61 of the Complaint.

62. Answering Defendants admit the allegations of paragraph 62 of the Complaint to the extent a telephone call took place. Answering Defendants deny the characterizations of the contents of that call or the relevance of the allegation to the instant action.

63. Answering Defendants admit the allegations of paragraph 63 of the Complaint.

64. Answering Defendants admit the allegations of paragraph 64 of the Complaint.

65. Answering Defendants admit the allegations of paragraph 65 of the Complaint.

66. Answering Defendants admit the allegations of paragraph 66 of the Complaint.

67. Answering Defendants admit the allegations of paragraph 67 of the Complaint.

## AS TO THE CLAIM FOR RELIEF

68. In response to paragraph 68 of the Complaint, Answering Defendants aver or deny the allegations as more fully set forth above.

69. Answering Defendants admit the allegations of paragraph 69 of the Complaint to the extent payments have not been made, but otherwise deny any legal characterizations contained in paragraph 69 of the Complaint.

70. Answering Defendants admit the allegations of paragraph 70 of the Complaint to the extent a notice was sent, but otherwise deny any legal characterizations contained in paragraph 70 of the Complaint.

71. Answering Defendants admit the allegations of paragraph 71 of the Complaint to the extent a notice was sent, but otherwise deny the legal characterizations of the contents therein.

72. Answering Defendants admit the allegations of paragraph 72 of the Complaint to the extent no additional payment has been sent, but otherwise deny any legal characterization contained in paragraph 72 of the Complaint.

73. Answering Defendants admits the allegations of paragraph 73 of the Complaint to the extent GDH is related to Mid-Hudson, but denies any legal conclusions contained in this paragraph.

74. Answering Defendants admits the allegations of paragraph 74 of the Complaint to the extent GDH is related to Buell, but denies any legal conclusions contained in this paragraph.

75. Answering Defendants admits the allegations of paragraph 75 of the Complaint to the extent GDH is related to Bridgeport, but denies any legal conclusions contained in this paragraph.

76. Answering Defendants admits the allegations of paragraph 75 of the Complaint to the extent GDH is related to Pabrico, but denies any legal conclusions contained in this paragraph.

77. Answering Defendants have no knowledge of the allegations of paragraph 77 of the Complaint.

78. Answering Defendants have no knowledge of the allegations of paragraph 78 of the Complaint.

79. Answering Defendants deny the allegations of paragraph 79 of the Complaint and deny common control of Airotrax with any of the Answering Defendants.

80. Answering Defendants have no knowledge of the allegations of paragraph 80 of the Complaint.

81. Answering Defendants deny the liability asserted in paragraph 81 of the Complaint.

82. Answering Defendants deny the allegations of paragraph 82 of the Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint against fails to state a claim upon which relief can be granted.

2. Some or all of Plaintiff's claims are barred by the Doctrine of Accord and Satisfaction.

3. Some or all of Plaintiff's claims are barred by the Doctrine of Estoppel.

4. Some or all of Plaintiff's claims are barred by the application of ERISA Section 4225.

5. Defendants specifically reserve the right to amend and supplement these affirmative defenses as they become discovered through the course of this litigation.

WHEREFORE, having fully responded to Plaintiff's Complaint, Answering Defendants pray that this Court deny Plaintiff the relief requested.

Respectfully submitted,

FOX ROTHSCHILD LLP
*Attorneys for Defendants*
*Grammer, Dempsey & Hudson*
*Mid-Hudson Steel, Bridgeport Steel,*
*Buell Specialty Steel and Pabrico Steel*

Dated: April 24, 2008    By: _____
Keith R. McMurdy
100 Park Avenue, Suite 1500
New York, New York 10017
(212) 878-7900
(212) 692-0940 (Fax)
e-mail: kmcmurdy@foxrothschild.com

9

NY1 115710v1 04/23/08

## CERTIFICATE OF SERVICE

A true and accurate copy of the foregoing Answer with Affirmative Defenses was served upon the following by regular U.S. Mail, postage prepaid, and by utilization of the electronic filing system of the Clerk of Courts of the United District Court for the Southern District of New York:

William D. Frumkin, Esq.
Sapir & Frumkin LLP
399 Knollwood Road, Suite 310
White Plans, New York 10603

I do so certify.

_____
Keith R. McMurdy

Dated: April 25, 2008