| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x<br>ADRIAN HUFF, as Chairman of the Board of Trustees of TEAMSTERS LOCAL 445 FREIGHT DIVISION PENSION FUND,<br><br>          Plaintiff,<br><br>  - against -<br><br>MID-HUDSON STEEL CORP., GRAMMAR, DEMPSEY & HUDSON, INC., BRIDGEPORT STEEL CO., BUELL SPECIALTY STEEL CO., PABRICO STEEL FABRICATORS INC., ZINC CONSTRUCTION CORP., and AIROTRAX, INC.,<br><br>         Defendants.<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | ECF Case<br><br><br><br><br>Civil Action No. 07 Civ. 5926<br>   (CLB)(MDF)<br><br><br>**RULE 56.1 STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

   Pursuant to Fed.R.Civ.P. R. 56.1, Plaintiff alleges as its concise Statement of Material Facts that are not in dispute, as follows:

   1.  Defendant Mid-Hudson Steel Corp. ("Mid-Hudson") entered into and was subject to a collective bargaining agreement (CBA) with Local Union No. 445, International Brotherhood of Teamsters of annexed AFL-CIO (the Union) wherein it was obligated to make contributions to Plaintiff, the Teamsters Local 445 Freight Division Pension Fund (the Fund), which is a third-party beneficiary under the CBA.  See Exh. 1 of Affidavit of William D. Frumkin, Esq. In Support of Plaintiff's Motion for Summary Judgment ("Frumkin Aff.").

   2.  In or around August 2004, the Fund determined that Mid-Hudson completely withdrew from the Fund because it had permanently ceased to have an obligation to contribute to the Fund.  See Frumkin Aff., Exh. 3 at ¶ 39.

   3.  The Fund assessed withdrawal liability against Mid-Hudson in the amount of $300,296.56.  See Frumkin Aff., Exh. 3 at ¶¶ 40-41.

4.     On or about December 21, 2004, pursuant to §§ 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1), the Fund sent a "Demand for Payment of Withdrawal Liability" to Mid-Hudson advising it that the Fund determined that the it had effected a complete withdrawal from the Fund in or around August 2004 and requesting Mid-Hudson to pay a withdrawal liability of $300,296.56.  *See* Frumkin Aff., Exh. 2; Frumkin Aff., Exh. 3 at ¶¶ 40-41.  The Fund notified Mid-Hudson that, in accordance with §§ 4219(c)(1)(E)(2) and (3) of the MPPAA, Mid-Hudson's withdrawal liability was payable to the Fund in 160 equal monthly installments, each in the amount of $2,817.70, followed by a final payment of $1,366.98.  The first payment was due by January 31, 2005.  *Id.*

5.     Mid-Hudson admitted that it received the December 21, 2004 letter.  *See* Frumkin Aff., Exh. 4 at ¶ 41; Frumkin Aff., Exh. 4 at ¶ 41.

6.     Mid-Hudson remitted twenty-four monthly withdrawal liability payments, each in the amount of $2,817.70.  The last payment was received on or about January 18, 2007.  The last payment satisfied Mid-Hudson's monthly withdrawal liability payment for December 2006.  *See* Frumkin Aff, Exh. 9; Frumkin Aff., Exh. 5.

7.     Mid-Hudson failed to remit its twenty-fifth and twenty-sixth monthly withdrawal liability payments, in the amounts of $2,817.70 each, due January 31, 2007 and February 28, 2007, for a total amount of $5,635.40.  *See* Frumkin Aff., Exh. 3 at ¶ 50; Frumkin Aff., Exh. 4 at ¶ 50.

8.     Mid-Hudson admitted that it did not remit the twenty-fifth and twenty-sixth monthly withdrawal liability payments.  *Id.*

9.     On or about March 8, 2007, the Fund notified Mid-Hudson of its overdue withdrawal liability payment, and that it would be in statutory default if it failed to remit payment in full of its

total withdrawal liability remaining due, or remit its twenty-fifth and twenty-sixth monthly withdrawal liability payments, in the amounts of $2,817.70 each, within sixty days after receiving the late-payment notice letter. In addition, the Fund notified Mid-Hudson that its failure to pay its withdrawal liability remaining due as prescribed therein would entitle the Fund to demand from Mid-Hudson immediate payment of the outstanding amount of the withdrawal liability, plus accrued interest on the total outstanding liability from the due date of the first payment which is untimely paid. *See* Frumkin Aff., Exh. 3 at ¶ 51; Frumkin Aff., Exh. 6.

10. Mid-Hudson admitted that the March 8, 2007 letter was sent. *See* Frumkin Aff., Exh. 4 at ¶ 51.

11. Mid-Hudson did not remit the overdue payments within sixty days of receiving the March 8, 2007 letter. *See* Frumkin Aff., Exh. 3 at ¶¶ 52-53.

12. Mid-Hudson admitted that the overdue payments were not made. *See* Frumkin Aff., Exh. 4 at ¶¶ 52-53.

13. On or about April 26, 2007, the Fund notified Mid-Hudson of its overdue withdrawal liability payment, and that it would be in statutory default if it failed to remit payment in full of its total withdrawal liability remaining due, or remit its twenty-seventh monthly installment payment in the amount of $2,817.70 due March 31, 2007, within sixty days after receiving the late-payment notice letter. In addition, the Fund notified Mid-Hudson that its failure to pay its withdrawal liability remaining due as prescribed herein would entitle the Fund to demand from Mid-Hudson immediate payment of the outstanding amount of the withdrawal liability, plus accrued interest on the total outstanding liability from the due date of the first payment which is untimely paid. *See* Frumkin Aff., Exh. 3 at ¶ 54; Frumkin Aff., Exh. 7.

14.     Mid-Hudson admitted that it did not remit its twenty-seventh monthly installment payment.  *See* Frumkin Aff., Exh. 3 at ¶ 55; Frumkin Aff.; Exh. 4 at ¶ 55.

15.     Mid-Hudson did not remit the overdue payment within sixty days of receiving the March 8, 2007 letter.  *See* Frumkin Aff., Exh. 3 at ¶ 72; Frumkin Aff., Exh. 4 at ¶ 72.

16.     Mid-Hudson admitted that it did not remit the overdue payments.  *Id.*

17.     Grammar, Dempsey & Hudson ("GDH") has made withdrawal liability payments on behalf of Mid-Hudson on or about September 29, 2006, November 1, 2006, December 6, 2006, and January 5, 2007.  *See* Frumkin Aff., Exh. 9.

18.     GDH was the owner of Mid-Hudson at all relevant times.  *See* Frumkin Aff., Exh. 8 at pp. 20:24-21:3; 58:2-6.

19.     James F. Hudson and J. Morgan Hudson both have 50% ownership interests in GDH.  *See* Frumkin, Aff., Exh. 8 at pp. 59:25-60:5.

20.     Defendants Bridgeport Steel Co. ("Bridgeport"), Buell Specialty Steel Co. ("Buell"), and Pabrico Steel Fabricators, Inc. ("Pabrico"), are wholly-owned subsidiaries of GDH.  *See* Frumkin, Aff., Exh. 8 at pp. 69:4-77:5.

21.     James F. Hudson and J. Morgan Hudson are officers and owners of Defendants Mid-Hudson, GDH, Bridgeport, Buell, and Pabrico.  *See* Frumkin, Aff., Exh. 8 at pp. 69:4-77:5; 29:8-14; 60:23-25.

22.     To date, Mid-Hudson did not remit payment in full of its total withdrawal liability remaining due, or remit its twenty-fifth, twenty-sixth, twenty-seventh, twenty-eighth, twenty-ninth, thirtieth, thirty-first, thirty-second, thirty-third, thirty-fourth, thirty-fifth, thirty-sixth, thirty-seventh, thirty-eighth, thirty-ninth, or fortieth monthly withdrawal liability payments, in the amounts of

$2,817.70 each.  *See* Frumkin Aff., Exh. 9; Frumkin Aff., Exh. 8 at p. 40:8-20.

Dated: White Plains, New York  
       June 30, 2008

Respectfully submitted,

**SAPIR & FRUMKIN LLP**

By:  /s/ William D. Frumkin  
    William D. Frumkin (WF2173)  
    Attorneys for Plaintiff  
    399 Knollwood Road, Suite 310  
    White Plains, New York 10603  
    (914) 328-0366

F:\APPLICAT\WP\TEAMSTER\Mid Hudson Steel Corp\Litigation\Summary Judgment-Mid Hudson - 06-2008\Rule 56.1 Statement.wpd\rlh

## CERTIFICATE OF SERVICE

      I hereby certify that on June 30, 2008, a copy of Rule 56.1 Statement in Support of Plaintiff's Motion for Summary Judgment was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt including:

>Keith R. McMurdy, Esq.
>Fox Rothschild, LLP
>100 Park Avenue, Suite 1500
>New York, New York 10017

    Parties may access this filing through the Court's electronic filing system

        /s/ Rachel L. Horton
       Rachel L. Horton