UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ADRIAN HUFF, as Chairman of the Board of
Trustees of TEAMSTERS LOCAL 445 FREIGHT
DIVISION PENSION FUND,

                            Plaintiff,

-against-

MID-HUDSON STEEL CORP., GRAMMER,
DEMPSEY &HUDSON, INC., BRIDGEPORT
STEEL CO., BUELL SPECIALTY STEEL CO.,
PABRICO STEEL FABRICATORS, INC., ELKHART
SCRAP METALS CORP., ELHART SCRAP LIGHT
HAULING, ZINC CONSTRUCTION CORP., and
AIROTRAX, INC.,

                            Defendants.

**Civil Action No. 07 Civ 5926**
(CLB)(MDF)

---

### BRIEF IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

---

                                        FOX ROTHSCHILD LLP
                                        *Attorneys for Defendants Mid-Hudson Steel*
                                        *Corp., Grammer, Dempsey & Hudson, Inc.,*
                                        *Bridgeport Steel Co., Buell Specialty*
                                        *Steel Co., and Pabrico Steel Fabricators, Inc.*
                                        100 Park Avenue, Suite 1500
                                        New York, New York 10017
                                        (212) 878-7900

<u>On Brief</u>:
Keith R. McMurdy, Esq.

NY1 298705v1 07/11/08

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..................................................................................1

STATEMENT OF FACTS ..........................................................................................1

LAW AND ARGUMENT ...........................................................................................2

CONCLUSION ...........................................................................................................5

## TABLE OF AUTHORITIES

### FEDERAL CASES

*ILGWU National Retirement Fund v. Levy,*
  846 F.2d 879882 .................................................................................................3

*Trustees of Amalgamated Insurance v. McFarlin's,*
  789 F.2d 98 ........................................................................................................3

*Trustees of Sheet Metal Workers National Pension Fund v. BES Services,*
  469 F.3d 369 ......................................................................................................2

  *BES Services,*
    supra, 469 F.3d at 375 ...................................................................................4

*United Retail and Wholesale Employees Pension Plan v. Yahn & McDonald,*
  787 F.2d 128 (3d Cir. 1986)..............................................................................4

  aff'd per curiam by an equally divided court sub nom, PBGC v. Yahn & McDonald,
  481 US 735 ........................................................................................................4

### FEDERAL STATUTES

29 C.F.R. §2644.2(c).................................................................................................3

29 U.S.C. §1399........................................................................................................3

29 U.S.C. §1399(c) ...................................................................................................3

29 U.S.C. §1405(d) ...................................................................................................3

Section 4225 of ERISA, 29 U.S.C. §1405..........................................................1, 2

  29 U.S.C. §1405................................................................................................1, 2

## PRELIMINARY STATEMENT

Mid-Hudson Steel Corp. (hereinafter referred to as "Mid Hudson"), Grammer, Dempsey & Hudson, Inc., Bridgeport Steel Co., Buell Specialty Steel Co., and Pabrico Steel Fabricators, Inc. (collectively the "Defendants") contend, and have contended since May of 2005, that the withdrawal liability claimed by the Fund exceeds the statutory calculation and that the Fund has demanded payment in excess of the amount require from Mid Hudson by law. The Defendants notified the Fund, thought its counsel, of the dispute and requested arbitration.

The Defendants contest the amount of the liability determination, including the lump sum liquidated amount claimed by the Plaintiffs in this action, as being in excess of the permissible amount of withdrawal liability under ERISA Section 4225 (29 U.S.C. §1405). As such, Plaintiffs' demand for judgment in that full amount is incorrect.

## STATEMENT OF FACTS

It is undisputed between the parties that, Mid Hudson ceased operation and ceased making contributions to the Local Union No. 445 Fund. At the time of cessation of operations, the liabilities of Mid Hudson exceeded the value of any assets of the company. *Affidavit of James Hudson, para. 2.* After the cessation of operations, Mid Hudson liquidated all of its assets. *Hudson Affidavit, para 3.* When the capital generated from the sale was exhausted, Mid Hudson ceased making payments to the Plaintiff fund for withdrawal liability. *Deposition of James Hudson, 39:16 to 40:7, Affidavit of Keith McMurdy, para. 5.*

At the time of the initial withdrawal liability assessment, the Fund did not take into account the liquidation of Mid Hudson in determining withdrawal liability. *Affidavit of William Frumkin, Ex. 2, as filed by Plaintiff.* On March 25, 2005, Mid Hudson, through its counsel, notified counsel for the Fund that the withdrawal liability figure was disputed and arbitration was

1

requested. *McMurdy Affidavits, para 2*. An arbitration has never been conducted regarding the actual amount of liability and the application of ERISA Section 4225 to the withdrawal liability determination, despite Mid Hudson having made a timely request of the Fund. Consequently, the Plaintiffs' motion for judgment in the full amount of the liability and for the full amount of any alleged delinquent payment is premature in that it is not certain said amount is in fact due and owing.

## LAW AND ARGUMENT

A.  **Plaintiffs' Demand for Judgment is Premature**

Section 4225 of ERISA, 29 U.S.C. §1405, provides, in relevant part, that "in the case of an insolvent employer undergoing liquidation or dissolution, the unfunded vested benefits allocated to that employer shall not exceed an amount equal to the sum of:

1. 50 percent of the unfunded vested benefits allocable to the employer (determined without regard to this sections), and

2. that portion of the 50 percent of the unfunded vested benefits allocable to the employer (as determined under paragraph [1]), which does not exceed the liquidation or dissolution value of the employer determined –

    (a) as of the commencement of the liquidation or dissolution, and

    (b) after reducing the liquidation or dissolution value of the employer by the amount determined by paragraph (1)." 29 U.S.C. §1405(b).

This section is important because it clearly recognizes that there is a limitation on withdrawal liability. Any determination of withdrawal liability must take into consideration an employer's insolvency under this section if that employer is insolvent. Trustees of Sheet Metal Workers National Pension Fund v. BES Services, 469 F.3d 369, 373 (4th Cir. 2006).

Section 4225 goes on to define an "insolvent" employer as one where the "liabilities of the employer, including withdrawal liability under the plan (determined without regard to subsection [b]), exceed the assets of the employer (determined as of the commencement of the

liquidation or dissolution." 29 U.S.C. §1405(d)(1). Consequently there is an acknowledgment within the statutes governing withdrawal liability that the financial condition of an employer ceasing operations and undergoing liquidation must be given consideration in calculating withdrawal liability. There is also no requirement that the reduced liability gets any priority in the liquidation. Trustees of Amalgamated Insurance v. McFarlin's, 789 F.2d 98, 104 (2nd Cir. 1985).

Mid Hudson's liabilities exceeded the value of its assets and the business was liquidated as it ceased operations. Plaintiffs have been aware of the liquidation since it commenced in August of 2004, because it commenced with the shutdown and cessation of the contributions to the Fund. Therefore, an accurate calculation of Mid Hudson's liability (and ultimately the liability of the entire control group) must satisfy Section 4225 in order to be correct under the statutory framework. The Fund did not make this adjustment in its calculations.

Defendants do not contest that the standard approach to payment of withdrawal liability requires payment of the interim payments during the period of any dispute. However, the "pay first, question later" system has been modified. PBGC regulation prohibits a declaration of default for failure to make timely payments during the period, and for sixty days thereafter, that an arbitration is pending or that the plan sponsor is conducting the employer's requested review. See 29 C.F.R. §2644.2(c)(1). ILGWU National Retirement Fund v. Levy, 846 F.2d 879882 (2nd Cir. 1988). However, the statute provides that payments in accordance with the schedule set forth by the plan sponsor must be made "notwithstanding any request for review or appeal of determinations of the amount of such liability or of the schedule." 29 U.S.C. §1399(c)(2). If an employer misses a scheduled payment, the Fund may seek to collect by filing a collection action, but it may not accelerate the balance during that protected arbitration period. See United Retail

3

and Wholesale Employees Pension Plan v. Yahn & McDonald, 787 F.2d 128, 131 (3d Cir. 1986), aff'd per curiam by an equally divided court sub nom., PBGC v. Yahn & McDonald, 481 US 735 (1987).[1]

In this case, Mid Hudson notified the Fund that it disputed the liability determination and requested arbitration. Both requests were timely under the requirements of 29 U.S.C. §1399. The Plaintiffs never afforded Mid Hudson the opportunity to complete the arbitration. Instead, the request was ignored, thereby allowing the Fund the opportunity to continue to ignore the application of Section 4225.

Mid Hudson does not deny that it ceased making payments subsequent to its liquidation. Moreover, the remaining Defendants do not contest that payment ceased. However, there has never been a determination as to the application of Section 4225 and whether the withdrawal liability demanded (and the payments required) has properly accounted for the insolvency of Mid Hudson. It is possible that the payments already made exceed the actual amount required after application of Section 4225. The failure of the Fund to apply Section 4225 to its liability calculation precludes it from obtaining an accelerated judgment in the full amount claimed. It has not been established as accurate.

---

[1] It is also important to note that the application of ERISA Section 4225 is an appropriate topic for arbitration. BES Services, *supra*, 469 F.3d at 375.

## CONCLUSION

For the foregoing reasons, the Defendants pray that this Court deny Plaintiffs' Motion for Summary Judgment to the extent a specific monetary relief is demanded. Defendants have not denied the obligation to satisfy withdrawal liability. However, the total amount of that withdrawal liability has not yet been properly calculated and the amount of any judgment cannot be fully determined until the statutory requirements of 29 U.S.C. §1405 are satisfied. Therefore, judgment should be denied until such time as the Fund's liability calculation properly complies with the applicable law.

Respectfully submitted,
FOX ROTHSCHILD LLP

Dated: July 15, 2008

By: _____
Keith R. McMurdy
For the Firm

## Certificate of Service

A true and accurate copy of the foregoing Brief in Opposition was served upon the following by regular U.S. Mail, postage prepaid, and by utilization of the electronic filing system of the Clerk of Courts of the United District Court for the Southern District of New York:

William D. Frumkin, Esq.
SAPIR & FRUMKIN LLP
399 Knollwood Road, Suite 310
White Plans, New York 10603

I do so certify.

Dated: July 15, 2008

_____
Keith R. McMurdy