UNITED STATES DISTRICT COURT                                            ECF Case
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ADRIAN HUFF, as Chairman of the Board of Trustees
of TEAMSTERS LOCAL 445 FREIGHT DIVISION
PENSION FUND,

          Plaintiff,    Civil Action No. 07 Civ. 5926
                    (CLB)(MDF)
  - against -

MID-HUDSON STEEL CORP., GRAMMAR,
DEMPSEY & HUDSON, INC., BRIDGEPORT STEEL
CO., BUELL SPECIALTY STEEL CO., PABRICO
STEEL FABRICATORS INC., ZINC CONSTRUCTION
CORP., and AIROTRAX, INC.,

          Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

---

**MEMORANDUM OF LAW IN REPLY TO OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

---

                   Sapir & Frumkin LLP
                   Attorneys for Plaintiff, Adrian Huff, as
                   Chairman of the Board of Trustees of
                   Teamsters Local 445 Freight Division
                   Pension Fund
                   399 Knollwood Road, Suite 310
                   White Plains, New York 10603
                   (914) 328-0366

*On the Brief*:

  William D. Frumkin, Esq.
  Scott R. Abraham, Esq.

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

POINT I. DEFENDANTS FAILED TO PROPERLY DEMAND ARBITRATION AS
MANDATED BY THE MULTIEMPLOYER PENSION PLAN AMENDMENTS ACT . . . . . . 1

    A.    Defendants' Letter To Plaintiff's Counsel Was Insufficient As A Demand For
Arbitration Under The Multiemployer Pension Plan Amendments Act . . . . . . . . 1

    B.    Plaintiff Properly Made A Demand For The Acceleration Of The Balance Of
Withdrawal Liability Payments After The Protected Arbitration And Review
Period . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

POINT II. DEFENDANTS ARE UNDER COMMON CONTROL AND ARE JOINTLY
AND SEVERALLY LIABLE FOR WITHDRAWAL LIABILITY PAYMENTS . . . . . . . . . . . 7

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**PRELIMINARY STATEMENT**

This Memorandum of Law is submitted in Reply to Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment.

**STATEMENT OF FACTS**

For a full recitation of the facts relevant to the instant motion, please refer to Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment.

**POINT I**

**DEFENDANTS FAILED TO PROPERLY
DEMAND ARBITRATION AS MANDATED BY THE
MULTIEMPLOYER PENSION PLAN AMENDMENTS ACT**

**A.    Defendants' Letter To Plaintiff's Counsel Was Insufficient As A Demand For Arbitration Under The Multiemployer Pension Plan Amendments Act**

While Plaintiff does not dispute that it received a letter from Defendants' counsel, dated March 15, 2005, requesting "that this matter be arbitrated to determine the actual amount of liability," Defendants' letter was wholly insufficient as a demand for arbitration under the Multiemployer Pension Plan Amendments Act (1980) ("MPPAA"). Any arbitration concerning the MPPAA must be conducted in accordance with the Pension Benefit Guaranty Corporation (PBGC) rules. ERISA § 4221(a)(2), 29 U.S.C. § 1401(a)(2). The PBGC allows the use of the American Arbitration Association (AAA) as an alternative procedure to the PBGC and most MPPAA arbitrations done to date have been conducted in accordance with the AAA rules. 50 Fed.Reg. 34,679 (Sept. 19, 1985); 51 Fed.Reg. 22,585 (June 20, 1986).

ERISA requires that disputes regarding withdrawal liability be resolved through arbitration. ERISA § 4221, [29 U.S.C. § 1401]. Section 4221(a)(1) provides as follows:

> (1) Any dispute between an employer and the plan sponsor of a multiemployer plan concerning a determination made under sections 4201 through 4219 [29 USCS §§ 1381-1399] shall be resolved through arbitration. Either party may initiate the arbitration proceeding within a 60-day period after the earlier of--
>
>> (A) the date of notification to the employer under section 4219(b)(2)(B) [29 USCS § 1399(b)(2)(B)], or
>>
>> (B) 120 days after the date of the employer's request under section 4219(b)(2)(A) [29 USCS § 1399(b)(2)(A)].
>
> The parties may jointly initiate arbitration within the 180-day period after the date of the plan sponsor's demand under section 4219(b)(1) [29 USCS § 1399(b)(1)].

ERISA § 4221(a)(1), [29 U.S.C. § 1401(a)(1)].

According to the American Arbitration Association's Multiemployer Pension Plan Arbitration Rules for Withdrawal Liability Disputes, arbitration is initiated when "(i) the initiating party gives notice to the other party of its intention to arbitrate (Demand) . . ., and (ii) files at any Regional Office of the AAA two (2) copies of said notice, together with the appropriate administrative fee as provided in the Administrative Fee Schedule." *Pension Plan Arbitration Rules for Withdrawal Liability Disputes*, at § 7(a), available at http://www.adr.org/sp.asp?id=22108.

Failure to demand arbitration timely results in a waiver of arbitration, in which case "the amounts demanded by the plan sponsor . . . shall be due and owing on the schedule set forth by the plan sponsor." *Bowers v. Compania Peruanade Vapores, S.A.*, 689 F. Supp. 215, 219 (S.D.N.Y. 1988)(internal quotation marks omitted); *see also Bowers v. Greenpoint Warehousing & Distribution Servs., Inc.*, No. 91 Civ. 3784, 1992 U.S. Dist. LEXIS 6599, at *4 (S.D.N.Y. 1992)("Failure to initiate arbitration within the statutory time period operates as a waiver of

arbitration, thereby fixing the withdrawal liability and foreclosing any challenge to its imposition.")(*citing ILGWU Nat'l Ret. Fund Uv. Levy Bros. Frocks, Inc.*, 846 F.2d 879, 881-82, 887 (2d Cir. 1988)); *Rao v. Prest Metals*, 149 F. Supp. 2d 1, 11 (E.D.N.Y. 2001) (Employer "waived its right to challenge the assessment of withdrawal liability" by failing "to request arbitration in a timely fashion").

Even conceding that Mid-Hudson's March 15, 2005 letter constituted "notice" to the Plaintiff of its intention to arbitrate, Mid-Hudson does not claim nor can it show that it filed at any Regional Office of the AAA two (2) copies of said notice, together with the appropriate administrative fee as provided in the Administrative Fee Schedule within the statute of limitations to demand arbitration. Thus, Mid-Hudson failed to properly demand arbitration within the guidelines of the American Arbitration Association's Multi-employer Pension Plan Arbitration Rules for Withdrawal Liability Disputes. Mid-Hudson's failure to initiate arbitration within the statutory time period operates as a waiver of arbitration, thereby fixing the withdrawal liability and foreclosing any challenge to its imposition. *See Bowers supra.,* at *4 (S.D.N.Y. 1992).

Notwithstanding the fact that Defendant Mid-Hudson's March 15, 2005 letter did not serve as a proper demand for a review of the Fund's initial determination of withdrawal liability, Plaintiff sent Defendant Mid-Hudson a notification of its review under section 4219(b)(2)(B) [29 USCS § 1399(b)(2)(B)], dated August 4, 2005. *Affidavit of William D. Frumkin, Esq. In Support of Plaintiff's Motion for Summary Judgment, Exh. 2.* Defendants were required to demand arbitration, if at all, within sixty (60) days of this notification. No other demands for arbitration were received thereafter, nor did Defendants file a demand for arbitration with AAA or PBGC within 60 days of receiving the notification. Therefore, a demand for arbitration was not timely made within the time limit prescribed by ERISA § 4221, after Defendants received a notification of the results of the

3

review.

In *National Pension Plan of the UNITE HERE Workers Pension Fund v. Westchester Lace & Textiles, Inc.*, 2006 U.S. Dist. LEXIS 49845 (S.D.N.Y. July 21, 2006), wherein Mr. McMurdy represented the defendant employers, The Honorable Robert P. Patterson, Jr., in granting plaintiff's motion for summary judgment and denying defendant employers' motion to vacate an arbitration decision, held that three (3) letters sent by defendant employers' counsel, Mr. McMurdy, to the plaintiff were insufficient as a demand for arbitration. Critically, these three letters included phrases such as, "[Westchester Lace would] evaluate the appropriateness of any future action, including, but not limited to, a possible request for arbitration," *Id.* at 17; "[p]ursuant to Section 4221(a) of the Employee Retirement Income Security Act, Westchester Lace requests arbitration with respect to the alleged withdrawal liability," *Id.* at 19; and "[Westchester Lace requests] arbitration of the determination of the plan that the requested information is reasonable and necessary pursuant to Section 4221 of ERISA," *Id.* at 20. Judge Patterson held that the defendant employer had not complied with the provisions of ERISA 4219(b)(2)(A), and thus had not tolled the statute of limitations with respect to the time within which defendant could initiate arbitration. *Id.* at 24. Furthermore, Judge Patterson held that "though Defendants seek a determination from this Court that the Fund Manager's determination to require immediate payment pursuant to ERISA § 4219(c)(5) was unreasonable, ERISA provides that disputes over withdrawal liability be resolved through arbitration. Section 4221(a)(1) of ERISA, [29 U.S.C. § 1401(a)(1)], requires that "[a]ny dispute between an employer and the plan sponsor of a multiemployer plan concerning a determination made under sections 4201 through 4219 [29 USCS §§ 1381-1399] shall be resolved through arbitration." By failing to timely initiate arbitration according to ERISA's provisions,

Defendants waived their right to arbitrate the withdrawal liability assessment. *See Bowers v. Compania Peruana.*, *supra*, 689 F. Supp. at 219; *Bowers v. Greenpoint Warehousing, supra*, 1992 U.S. Dist. LEXIS 6599, at *4; *Rao v. Prest Metals, supra*, 149 F. Supp. 2d at 11." *Id.* at 30.

Nothing contained in Defendant Mid-Hudson's March 15, 2005 letter to Plaintiff's counsel requested that the plan sponsor review any specific matter relating to the determination of Mid-Hudson's liability and the schedule of payments, the letter failed to identify any inaccuracy in the determination of the amount of the unfunded vested benefits allocated to Mid-HudSon, and the letter did not furnish additional relevant information to Plaintiff. *See* ERISA § 4219(b)(2)(A), [29 U.S.C. § 1399(b)(2)(A)]. Therefore, the March 15, 2005 letter did not toll the statute of limitations with respect to the time within which Defendants could initiate arbitration. *Id.* at 24.

### B. Plaintiff Properly Made A Demand For The Acceleration Of The Balance Of Withdrawal Liability Payments After The Protected Arbitration And Review Period

Defendants argue that the PBGC prohibits a declaration of default for failure to make timely payments during the period, and for sixty days thereafter, that an arbitration is pending or that the plan sponsor is conducting the employer's requested review. This argument is misplaced and entirely without merit. Based upon the foregoing discussion, Defendants failed to take any actions that would either properly initiate a demand for arbitration or request an employer review, and therefore, Defendants' argument that Plaintiff improperly made a demand for the acceleration of withdrawal liability payments during the protected arbitration or review period is completely unfounded. However, if the Court were to accept as true that Defendant Mid-Hudson's March 15, 2005 letter to Plaintiff's counsel properly served as a request for the plan sponsor to conduct a review of its determination, the demand for acceleration of withdrawal liability payments was not

5

made until well after the review period had concluded.

Defendants' counsel's March 15, 2005 letter to Plaintiff's counsel states: "...we believe that the Fund has improperly calculated the claimed liability and request that the calculations be verified." *Affidavit of Keith McMurdy*, at ¶ 4. On or about June 1, 2005, Defendants made a further request for information regarding the withdrawal liability assessment and calculations. On or about August 4, 2005, Plaintiff's counsel sent Defendants' counsel a letter that stated, in relevant part:

> By letters, dated February 1, 3 and March 28, 2005, Local 445 Pension Fund provided documents in response to Mid-Hudson Steel Corp.'s ("MSC") January 3, 2005 request for information regarding the withdrawal liability assessment against MSC. By e-mail of June 1, 2005, you requested additional information regarding the Fund's withdrawal liability assessment against MSC. Local 445 Pension Fund responds to MSC's requests, as follows..."

*Affidavit of William D. Frumkin, Esq. In Reply To Opposition To Motion For Summary Judgment* (hereinafter Frumkin Reply Aff."), *Exh. 1*. Thereafter, all documents not previously provided to Mid-Hudson were produced, along with an explanation and summary of the plan's review of its initial determination of the amount of withdrawal liability of Mid-Hudson. *Id.* Thus, the review period, under ERISA § 4219(b)(2)(B), [29 U.S.C. § 1399], had concluded.

Defendant Mid-Hudson ceased making withdrawal liability payments on or about January 5, 2007. *Frumkin Aff., Exh. 9.* On or about March 8, 2007, approximately a year and a half after the review period had concluded, Plaintiff sent Defendant's counsel a letter stating, in relevant part: "MSC's failure to pay its withdrawal liability remaining due as prescribed herein shall entitle Local 445 Pension Fund to demand from MSC 'immediate payment of the outstanding amount of the withdrawal liability, plus accrued interest on the total outstanding liability from the due date of the first payment which is untimely paid.' *Frumkin Reply Aff., Exh. 2*. Plaintiff sent a similar letter to Defendant's counsel on or about April 26, 2007 after Defendant Mid-Hudson had failed to remit

another monthly payment. *Frumkin Reply Aff., Exh. 3*. The instant action, seeking judgment requiring Defendant to make immediate payment of the entire amount of the assessed withdrawal liability to Plaintiff, was not commenced until on or about June 15, 2007, almost two (2) years after the review period had concluded.

Therefore, because the review period had been concluded, and because Defendant Mid-Hudson never made a proper demand for arbitration, any argument by Defendants that a demand for acceleration of payments was made within the protected arbitration or review period is completely frivolous and without merit.

## POINT II

### DEFENDANTS ARE UNDER COMMON CONTROL AND ARE JOINTLY AND SEVERALLY LIABLE FOR WITHDRAWAL LIABILITY PAYMENTS

Withdrawal liability extends to any trade or business under "common control" with the withdrawing employer. Section 4001(b)(1) of ERISA, 29 U.S.C. §§ 1301 (b)(1) provides in pertinent part: "All employees of trades or businesses (whether or not incorporated) which are under common control shall be treated as employed by a single employer and all such trades and businesses as a single employer." Thus, when withdrawal liability is imposed on an employer, all other commonly controlled trades or businesses are liable as well. *See, e.g.*, *I.L.G.W.U. Nat. Retirement Fund v. Gramercy Mills, Inc.*, 1994 U.S. Dist. LEXIS 15312, No. 90 Civ. 3552, 1994 WL 592226, at *1 (S.D.N.Y. Oct 26, 1994); *Trustees of the Amalgamated Ins. Fund v. Saltz*, 760 F. Supp. 55, 57-58 (S.D.N.Y. 1991). Furthermore, under this section, each trade or business under common control is jointly and severally liable for the withdrawal liability of the others. *See Central States, Southeast & Southwest Areas Pension Fund v. Ditello*, 974 F.2d 887, 889 (7th Cir. 1992).

It is undisputed that Defendants are under common control with the withdrawing employer. Defendants do not dispute Plaintiff's Rule 56.1 Statement, and admit that Grammar, Dempsey & Hudson ("GDH") was the owner of Mid-Hudson at all relevant times, that James F. Hudson and J. Morgan Hudson both have 50% ownership interests in GDH, that Defendants Bridgeport Steel Co. ("Bridgeport"), Buell Specialty Steel Co. ("Buell"), and Pabrico Steel Fabricators, Inc. ("Pabrico"), are wholly-owned subsidiaries of GDH, and that James F. Hudson and J. Morgan Hudson are officers and owners of Defendants Mid-Hudson, GDH, Bridgeport, Buell, and Pabrico. *See Defendants' Responses to Plaintiffs' Rule 56.1 Statement of Facts and Rule 56.1 Statement of Facts in Support of Opposition to Plaintiffs' Motion for Summary Judgment*, at ¶¶ 18-21. Therefore, GDH, Mid-Hudson, Bridgeport, Buell, and Pabrico are jointly and severally liable for Mid-Hudson's remaining withdrawal liability payments.

Defendants' argument that Mid-Hudson's liabilities exceeded its assets as of the commencement of the liquidation or dissolution of the company, and therefore Plaintiff did not make an accurate calculation of Mid-Hudson's liability, is irrelevant and without merit. Most importantly, Defendants would have been required to raise this issue during arbitration. *See* 29 U.S.C. § 1401. Since Defendants did not properly demand arbitration under the MPPAA, as previously discussed, they are precluded from raising this issue now, and the previously assessed withdrawal liability is fixed and Defendants are foreclosed from bringing any challenge to its imposition. *See Bowers supra.*, at *4 (S.D.N.Y. 1992). Furthermore, Defendants do not dispute that they are all under common control, and therefore, are jointly and severally responsible for Mid-Hudson's withdrawal liability, despite Mid-Hudson's financial condition.

## CONCLUSION

For the foregoing reasons, the Fund is entitled to summary judgment against Mid-Hudson, GDH, Bridgeport, Buell, and Pabrico for all unpaid interim withdrawal liability payments, the accelerated total withdrawal liability remaining due, interest on the unpaid amount of interim withdrawal liability payments and the total withdrawal liability remaining due, liquidated damages, attorney's fees and costs, as well as such other and further relief as it may deem just and proper.

Dated: White Plains, New York  
      July 22, 2008

Respectfully submitted,

**SAPIR & FRUMKIN LLP**

By: /s/ William D. Frumkin  
William D. Frumkin (WF 2173)  
Attorneys for Plaintiff  
399 Knollwood Road, Suite 310  
White Plains, New York 10603  
(914) 328-0366

F:\APPLICAT\WP\TEAMSTER\Mid Hudson Steel Corp\Litigation\Summary Judgment-Mid Hudson - 06-2008\Memorandum-Reply MSJ.wpd\rlh

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 22, 2008, a copy of Memorandum of Law in Reply to Opposition to Plaintiff's Motion for Summary Judgment was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt including:

      Keith R. McMurdy, Esq.
      Fox Rothschild, LLP
      100 Park Avenue, Suite 1500
      New York, New York 10017

      Parties may access this filing through the Court's electronic filing system

                        /s/ Rachel L. Horton
                        Rachel L. Horton